UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

EMIL JOSEPH,

    Plaintiff,

v.                                      CASE NO.: 8:12-cv-744-T-23TBM

CITY OF TAMPA SOLID WASTE
DEPARTMENT,

    Defendant.
_____/

## **ORDER**

Alleging a violation of the Americans with Disabilities Act (ADA), Emil Joseph sues "the City of Tampa Solid Waste Department." Can the "Solid Waste Department" suffer suit? Arguing "no," the Department (that is, an attorney for the City of Tampa) moves (Doc. 10) to dismiss.

With exceptions not pertinent here, Rule 17(b), Federal Rules of Civil Procedure, assigns state law to govern whether a municipal department may sue or suffer suit. *See*, *e.g.*, *Haines v. Metro. Gov. of Davidson Cnty, Tenn.*, 32 F.Supp.2d 991, 994 (M.D. Tenn. 1998). Generally, a city government department may sue or suffer suit only if the department constitutes a separate legal entity explicitly empowered to sue or suffer suit. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (Alabama

law); *Darby v. Pasadena Police Dept.*, 939 F.2d 311, 313 (5th Cir. 1991); *Post v. City of Fort Lauderdale*, 750 F.Supp. 1131 (S.D. Fla. 1990) (Gonzalez, J.); 4 MOORE'S FEDERAL PRACTICE § 17.26[3] (2012); 1 MCQUILLIN MUN. CORP. § 2:39 (3d ed.) ("a department of a city, created by its charter, is not an entity separate from the municipality, even though a distinct city department"). The general rule holds in Florida. *N. Miami Beach Water Bd. v. Gollin*, 171 So.2d 584, 585-86 (Fla. 3rd DCA 1965); *see also Lederer v. Orlando Utilities Comm.*, 981 So.2d 521, 525-26 (Fla. 5th DCA 2008).

Under its Charter and Related Laws, Part B, Article II, Section 2.01, the City of Tampa enjoys "full power and authority to sue and be sued." Conversely, governed primarily by the City of Tampa Code, Chapter 26, Article IV, the City's Department of Solid Waste lacks the powers of a separate legal entity. The Department is merely a part of the City. "Suit no more can proceed against [the Department] than it could against the accounting department of a corporation." *Darby*, 939 F.2d 311, 313.

Joseph contends that the Department qualifies as a "person" under Title I of the ADA, but qualifying as a "person" liable under a statute presupposes a capacity to suffer suit. *Cf. Dean*, 951 F.2d 1210, 1214 ("the question here is not whether [the] Sheriff's Department is a 'person' for the purposes of liability under *Monell* and section 1983, but whether the Department is a legal entity subject to suit"). Joseph's

contention is not pertinent because the Department, even if plainly liable under the statute, lacks the capacity to sue or be sued.*

The motion (Doc. 10) is **GRANTED**, and the complaint is **DISMISSED WITHOUT PREJUDICE**.  By **July 25, 2012**, Joseph may submit an amended complaint that names the correct defendant, the City of Tampa.

ORDERED in Tampa, Florida, on July 11, 2012.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

* "Person" under Title I of the ADA shares the meaning of "person" under Title VII of the Civil Rights Act.  In accord with the general rule, a city department typically cannot suffer suit under Title VII.  *See, e.g.*, *United States v. City of New York*, 683 F.Supp.2d 225, 243 (E.D.N.Y. 2010); *Meyer v. Lincoln Police Dept.*, 347 F.Supp.2d 706 (D. Neb. 2004).  Some authority, however, holds that a department can suffer suit under Title II of the ADA, which prohibits discrimination based on a disability by "any department . . . of a . . . local government."  For example, *Smith-Berch, Inc. v. Baltimore County*, 68 F.Supp.2d 602, 619 (D. Md. 1999), states that "nothing in the language of Title II indicates that a disabled person . . . is precluded from directly suing the offending [department]."  The more important fact is that Title II never explicitly entitles a disabled person to directly sue an offending department.  *Cf. Bowen v. Mass.*, 487 U.S. 879, 896 (1988) (observing the "presumption that Congress understands the state of existing law when it legislates").