**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**EMIL JOSEPH,**

    **Plaintiff,**

**v.**                                                  **Case No. 8:12-cv-744-T-23TBM**

**CITY OF TAMPA,**

    **Defendant.**

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before the Court on referral by the Honorable Steven D. Merryday for a Report and Recommendation on the **City of Tampa's Motion to Dismiss** (Doc. 35) and Plaintiff's response in opposition (Doc. 37). For the reasons set forth below, it is recommended that the Motion be denied.

I.

A.

Plaintiff, Emil Joseph ("Joseph"), sues his former employer, the City of Tampa ("the City"), alleging that the City violated his rights under Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., by failing to provide a reasonable accommodation for his disability of bipolar disorder/depression.

The facts are set forth in brief. It suffices to say that Joseph was a garbage truck driver with the City since June 3, 2006. By his allegations, as early as August 2009, he advised the City he had been diagnosed with depression. In March 2011, Joseph was

hospitalized for three days due to his depression. Joseph's depression returned in the beginning of May 2011. On May 16, 2011, Joseph provided his immediate supervisor with information regarding his rights under the ADA and requested help getting a reasonable accommodation. He claims that such was promised, but never accomplished. Instead, he was sent by the City to see a psychologist, Dr. Gary Wood. In June 2011, Dr. Wood told Joseph that he was unfit for duty as a refuse collector driver, was unfit to work at another job, was a liability to the City, and should apply for disability benefits. Thereafter, Joseph was told by the City he should resign because he was a liability and that he would not be coming back to work. The City terminated Joseph effective November 7, 2011. *See* Am. Compl. (Doc. 14).

By way of procedural history, on January 9, 2010, the EEOC issued its "Notice of Right to Sue." (Doc. 1-1). On April 6, 2012, Joseph filed suit against the "City of Tampa Solid Waste Department." (Doc. 1). By Order dated April 10, 2012, the Court struck Joseph's Initial Complaint for failing to comply with Local Rule 1.05.[1] (Doc. 3). On April 17, 2012, Joseph filed his [First Amended] Complaint against the "City of Tampa Solid Waste Department," alleging failure to accommodate in violation of the ADA. (Doc. 5). On June 25, 2012, the City moved to dismiss the [First Amended] Complaint, arguing that the "City of Tampa Solid Waste Department" is not an entity subject to suit.[2] (Doc. 10). By Order dated July 11, 2012, the Court granted the City's motion, dismissed the [First Amended] Complaint without prejudice, and advised that "[b]y July 25, 2012, Joseph may submit an amended

---

[1]Local Rule 1.05 addresses form of pleadings and general requirements.

[2]The City asserts it contacted Joseph's counsel on June 20, 2012, regarding the proper party and manner of service. When it received no response, it filed the instant Motion.

2

complaint that names the correct defendant, the City of Tampa." (Doc. 12 at 2). The Court denied Joseph's Motion to Vacate Order of Dismissal (Doc. 13) on July 25, 2012. (Doc. 16). On July 25, 2012, Joseph filed the [Second Amended] Complaint ("the Operative Complaint"), identifying the City as the defendant and alleging it violated his rights under the ADA by not permitting him to work in an open and available position (painter or dump truck driver) that accommodated his disability and for which he was qualified and capable of performing. (Doc. 14). On November 19, 2012, the Court denied Joseph's motions seeking default judgment against the City and to compel its participation in a case management conference (Docs. 17, 19) because Joseph had failed to cause the issuance of a summons and serve the City. (Doc. 26). After noting that Joseph improperly relied on his prior service on the City of Tampa Solid Waste Department and the Court had twice held as much, the Court ordered:

> In accord with Rule 4(m), Federal Rules of Civil Procedure, the plaintiff is on notice that more than 120 days has elapsed since the plaintiff's filing of the original complaint. The plaintiff shall have through December 5, 2012, to cause a summons to be issued against the City of Tampa, to serve the summons and the amended complaint against the City, and to file proof of service on the City of Tampa. Failure to comply with this order will result in the dismissal of this action for failure to prosecute without further notice.

(Doc. 26 at 2).[3]

---

[3] His feelings apparently bruised by the Order, Joseph's counsel sought reconsideration of the Order (Doc. 29), which the Court denied. (Doc. 30). Asserting more substantive arguments, Joseph's counsel then sought reconsideration of that Order (Doc 31), which the Court also denied. (Doc. 33).

B.

By its Motion, the City seeks an Order dismissing Joseph's single-count Operative Complaint under Rule 12(b)(1) because the claim is time-barred and under Rule 12(b)(6) for failure to state a viable ADA claim. It argues first that the Court lacks subject-matter jurisdiction of the Operative Complaint because the "allegations . . . reveal that the claim is time barred by the statute of limitations." The City concedes that Joseph's Initial Complaint, filed on April 6, 2012, was filed inside the 90-day limitations period, but urges that, because the Initial Complaint was stricken, it is to be treated as never having been filed at all.[4] As for the [First Amended] Complaint (Doc. 5), the City states it was untimely because it was filed ninety-nine days after the right-to-sue letter issued, it again improperly identified the City of Tampa Solid Waste Department as the defendant, and it was served improperly on the director of that department. While Joseph correctly names the City as the defendant in the Operative Complaint (Doc. 14), the City argues that it was filed 198 days after the right-to-sue letter issued. Anticipating Joseph's argument that the Operative Complaint "relates back," the City urges that the argument fails because the complaint to which relation back would apply is the [First Amended] Complaint, which was also untimely filed beyond the 90-day limitation period. Accordingly, the City urges that Joseph's ADA claim is time-barred and must be dismissed. (Doc. 35 at 4-7).

Pursuant to Rule 12(b)(6), the City also argues that dismissal is appropriate because Joseph fails to allege the elements of an ADA claim. More particularly, the City urges that

---

[4]Citing to *Williams v. At&T,* 134 F.R.D. 302 (M.D. Fla. 1991), the City urges that this rule or proposition is "well-settled."

4

Joseph fails to allege that his depression or bipolar disorder substantially limits one or more of his major life activities and that he is a qualified individual with a disability. Absent such allegations, the City maintains that Joseph fails to allege discrimination as a result of a disability. Thus, it urges that the Operative Complaint should be "denied" and "summary judgment" granted in the City's favor. (Doc. 35 at 7-10).

Joseph counters that his claim is not time-barred because his Initial Complaint was timely filed eighty-seven days after the right-to-sue letter issued. Although it was stricken for failure to comply with a local rule related to form, Joseph argues that Rule 83(a)(2) prohibits the Court from granting the City's Motion to Dismiss (with prejudice) due to a non-wilful, inadvertent violation of the local rule. He argues further that the Operative Complaint, which names the correct defendant, relates back to the filing date of the Initial Complaint pursuant to Rule 15(c)(1)(C), given that service of the Operative Complaint was perfected within the time allotted by the district judge. (Doc. 37 at 2-4).

As for the City's Rule 12(b)(6) argument, Joseph counters that the City misconstrues the pleading standard of Rule 8, which does not require allegations to establish a "prima facie" evidence standard.[5] On the contrary, Joseph argues that his allegations give the City fair notice of the basis for his claim. He also argues that the City's contentions, which revolve around genuine issues of material fact, are appropriately addressed through discovery and summary judgment. (Doc. 37 at 4-6).

---

[5] Joseph cites *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002).

II.

A.

As an initial matter, the issue raised by the City under Rule 12(b)(1) is one of timeliness rather than one concerning the Court's jurisdiction.[6] The requirement that an ADA action be commenced within ninety days of receipt of an EEOC right-to-sue letter is not a jurisdictional prerequisite to suit, but rather a statutory requirement for presentation of the claim, and failure to bring suit within ninety days gives rise to a defense analogous to a statute of limitations. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1003-04 (11th Cir. 1982) (Title VII context);[7] *see also Fouche v. Jekyll Island-State Park Auth.*, 713 F.2d 1518, 1525 (11th Cir. 1983). Thus, to the extent the City urges dismissal is appropriate under Rule 12(b)(1) for lack of subject matter jurisdiction, I recommend that the Motion be denied.

Dismissal on statute of limitations grounds, however, is permissible under Rule 12(b)(6). Dismissal on this basis "is appropriate only if it is apparent from the face of the complaint that the claim is time-barred" because "[a] statute of limitations bar is an affirmative defense, and . . . plaintiff[s] [are] not required to negate an affirmative defense in [their] complaint." *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004) (citation and quotation omitted); *Omar ex rel. Cannon v. Lindsey*, 334 F.3d 1246, 1251 (11th Cir. 2003). Where a defendant alleges a claim is time-barred, the plaintiff bears the burden of

---

[6]A motion to dismiss, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, is a motion challenging the subject matter jurisdiction of the court.

[7]The procedural requirements that apply to Title VII claims also apply to ADA claims. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999).

demonstrating that his lawsuit is timely. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233-34 (11th Cir. 2002) (Title VII context). For the reasons set forth below, I recommend that the Motion also be denied on this ground.

When viewed strictly as a chronological matter, the City's argument appears well-taken. Under the ADA, a plaintiff must bring suit within ninety days of receiving a right-to-sue letter from the EEOC. *Zillyette*, 179 F.3d at 1339. Here, the EEOC right-to-sue letter is dated January 9, 2012. Using this date as the date on which the clock started running for the 90-day limitations period,[8] the clock ran on April 9, 2012. Accepting the City's argument that Joseph's Initial Complaint, which was timely filed within the 90-day period, is null and void as a result of being stricken,[9] the Operative Complaint (as well as the [First Amended] Complaint), appear time-barred. The [First Amended] Complaint was filed 99 days after the date of the right-to-sue letter, and the Operative Complaint was filed on July 25, 2012, 198 days after the date of the right-to-sue letter. As argued by the City, because the [First Amended] Complaint was itself untimely, relation back does not save the untimely filing of the Operative Complaint. As the argument concludes, having failed to file his complaint within the 90-day limitations period, Joseph's ADA claim is time-barred. *See Zillyette*, 179 F.3d at 1339; *see also* 42 U.S.C. § 2000e-5(f)(1) (providing that claims brought under the Title VII are time-barred unless filed within ninety days after the plaintiff receives the right-

---

[8]Courts calculate the 90-day period beginning with the claimant's "actual receipt" of the notice. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 952 (11th Cir. 2005) (citation omitted). In this case, Joseph utilizes the date of the right-to-sue letter and does not provide the date on which he received the same.

[9]The City cites no Eleventh Circuit authority on this point.

to-sue letter); 42 U.S.C. § 12117(a) (procedures set forth in 2000e-5 apply in ADA cases). However, the City's argument fails to consider the import of Rule 83.

Rule 83 states, in pertinent part, that "[a] local rule imposing a requirement of form must not be enforced in a way that causes a party to lose any right because of a nonwillful failure to comply." Fed. R. Civ. P. 83(a)(2). In the particular circumstances of this case, Rule 83 barred the Court from invoking a local rule related to form in a manner which worked to deny Joseph the right to bring his claim. While it in no way appears that the Court intended to do so by its Order, the City's argument rests on the conclusion that the Order striking the timely filed Initial Complaint rendered the Initial Complaint a complete nullity such that both subsequent complaints were time-barred and Rule 15 was inapplicable.

Here, considerations of Rule 83 bar the conclusion that the Court's Order striking the timely-filed Initial Complaint rendered it a complete nullity such that later-filed complaints were untimely, and considerations of Rule 15(c) dictate that the [First Amended] Complaint filed on the 99th day should relate back to the date of the original filing. In the given circumstances, I think the Court is advised to conclude that its Order striking the Initial Complaint was improvidently entered to the extent that it rendered the pleading a complete nullity. Absent a showing of willful violation of the local rule, Rule 83 dictates such a conclusion. *See Hicks v. Miller Brewing Co.*, 34 F. App'x 962 (5th Cir. 2002) (holding that the district court's order striking a complaint for failing to comply with form requirements of a local rule violated Rule 83(a)(2) where the complaint was timely filed but the plaintiff did not receive the order striking the complaint until after the statutory period had expired); *see also Goldsmith v. City of Atmore*, 996 F.2d 1155 (11th Cir. 1993) (holding that the 90-day

limitations period was tolled by plaintiff's filing of a defective pleading within the limitations period, coupled with the court's order directing the filing of a formal complaint with a deadline of four days after the limitations period expired); *Bonsu v. Jackson Nat'l Life Ins.*, No. 1:05-cv-2444, 2007 WL 2998439, at *2 (M.D. Pa. Oct. 11, 2007) (finding pro se litigant's amended complaint was not time-barred because it related back to date the original complaint was timely filed even though original complaint was stricken).  While Joseph's counsel was slow to appreciate the appropriate party-defendant and is presumed to know the local rules, I cannot conclude on this record that he wilfully intended to violate Local Rule 1.05 when timely filing his Initial Complaint.  Given these circumstances, I conclude that Joseph can bring the [First Amended] Complaint and Operative Complaint within Rule 15(c) and that the City's Motion asserting untimeliness should be denied.

Rule 15 governs when an amended complaint may "relate back" to the date of the initial complaint for statute of limitations purposes, and therefore be considered filed at the time of the initial complaint.  Fed. R. Civ. P. 15(c).  In pertinent part, the Rule allows that an amended complaint relates back to the date of the original pleading when:

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction or occurrence set out - - or attempted to be set out - -in the original pleading; or
>
> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (I) received such notice of the action that it will not be prejudiced in defending on the merits; and

9

>>(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the party's proper identity.

Fed. R. Civ. P. 15(c)(1).

Here, the allegations in each of the amended complaints (the [First Amended] Complaint and the Operative Complaint) arose out of the same conduct and occurrences attempted to be set out in the original pleading. As for the Operative Complaint, the amendment served only to change the party against whom the claim was brought. Because suit was initially brought against a department of the City, it is apparent that the City was on notice or otherwise should have known that the action would be brought against it within the 120-day period for service of a summons and complaint set forth in Rule 4(m).[10] Further, it appears from the pleadings that the City was put on notice of the pending litigation no later than June 12, 2012, and it makes no claim of prejudice in these circumstances despite some delay in it being named as the defendant to the suit.

In sum, I conclude that the City's Motion seeking to dismiss the Operative Complaint as untimely be denied.[11]

---

[10]Rule 15(c) does not require a plaintiff to file and serve an amended complaint within the Rule 4(m) period. *Krupski v. Costa Crociere S.p.A.,* __ U.S. __, 130 S. Ct. 2485, 2497 n.5 (2010). Rather, the pertinent question is whether within the Rule 4(m) period the defendant "knew or should have known that it would have been named as a defendant but for an error." *Id.* at 2493 (quoting Rule 15(c)(1)). The "mistake" provision in Rule 15(c) is included "to resolve 'the problem of a misnamed defendant' and allow a party 'to correct a formal defect such as a misnomer or misidentification.'" *Wayne v. Jarvis*, 197 F.3d 1098, 1103 (11th Cir. 1999) (citation omitted), *overruled in part on other grounds by Manders v. Lee*, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003) (*en banc*).

[11]As an alternative ground for this conclusion, the circumstances of this case warrant equitable tolling. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993) ("Courts,

B.

The City also argues that the Operative Complaint should be dismissed because Joseph fails to state a claim under the ADA.[12]  Title I of the ADA prohibits discrimination against disabled individuals in regard to the terms, conditions and privileges of their employment.  42 U.S.C. § 12112(a).  To plead employment discrimination under the ADA, a plaintiff must allege that: (1) he has a disability, (2) he is a qualified individual, and (3) the defendant unlawfully discriminated against him because of the disability.  *D'Angelo v. ConAgra Foods, Inc.*, 422 F.3d 1220, 1226 (11th Cir. 2005).  The City contends Joseph has failed to plead any of those elements.

---

acting in their equitable capacity, will toll statutes of limitations, but only upon an inequitable event that prevented plaintiff's timely action.") (internal quotation marks omitted).  Here, it appears that Joseph acted promptly and with due diligence by filing his Initial Complaint within the 90-day limitations period.  An inequity results if that complaint is deemed null and void by reason of a local rule violation because it prevents the later filed complaints from "relating back" to that time and, thus, prevents the filing of any action.  Clearly, the Court did not intend to prevent Joseph from filing a timely action by striking the Initial Complaint after the 90-day limitations period had run.

[12] A motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, is a motion attacking the legal sufficiency of a complaint.  In deciding such a motion, the court must accept the facts pleaded as true and construe them in a light most favorable to the plaintiff.  *Leib v. Hillsborough Cnty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009) (citation omitted).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint states a facially plausible claim for relief "when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.

At the outset, Joseph is correct that he is not required to plead his discrimination claim with heightened specificity. *See Swierkiewicz,* 534 U.S. at 513-14. That does not change the requirement, however, that Joseph must comply with Rule 8(a)'s pleading standard and allege "enough facts to state a claim [for] relief that is plausible on its face." *Twombly,* 550 U.S. at 570. Here, while Joseph's response to the City's 12(b)(6) argument is defended rather poorly, review of the Operative Complaint and pleadings reveal that Joseph has done so sufficiently at this point to withstand dismissal. Stated otherwise, the facts pled in the Operative Complaint allow the Court to draw a reasonable inference that the City is liable for the misconduct alleged - the City discriminated against Joseph by refusing to provide a reasonable accommodation for his depression and/or bipolar disorder (and by effectively terminating his employment) and it did so because it regarded him as mentally disabled. These allegations are sufficient to give the City fair notice of Joseph's claim and the grounds on which it rests.

First, with respect to the disability element, in the light most favorable to Joseph the allegations in the Operative Complaint point to bipolar disorder and depression as the disability claimed. (Doc. 14, ¶¶ 7-10). An individual may be considered disabled under the ADA in one of three ways: (1) he has a physical or mental impairment that substantially limits one or more of his major life activities;[13] (2) there is a record of such an impairment; or (3) he was regarded as having such an impairment. 42 U.S.C. § 12102(1). Here, the allegations are fairly read to at least assert there is a record of such an impairment and the

---

[13]Major life activities include, among other things, concentrating, thinking, communicating, and working. 42 U.S.C. § 12102(2)(A).

City regarded Joseph as disabled due to bipolar disorder or depression, i.e., after the reports of psychological testing the City perceived that Joseph suffered from a mental impairment that substantially limited his ability to work.[14]  *See* (R. 14, ¶ 10(J), (M), (P)).  Joseph alleges that the City's human resources representative, Adrianna Colina, told him the City wanted him to resign because he was a liability.  He also alleges that the City thereafter refused to provide a reasonable accommodation and terminated his employment in light of the opinions provided by Dr. Gary Wood, a psychologist the City ordered him to see.  (Doc. 14, ¶ 10(P)-(R)).  In sum, at this stage of the proceedings, I find that the disability element is sufficiently alleged.  *See* 42 U.S.C. § 12102(3)(A) (providing that an individual is regarded as having an impairment that substantially limits one or more major life activities if he establishes that he was subjected to a prohibited action due to an actual or perceived physical or mental impairment whether or not the impairment limits or is perceived to limit a major life activity); 29 C.F.R. § 1630.2(l)(1) (same).

Regarding the second element, a disabled individual is "qualified" under the ADA if he can perform, "without or without a reasonable accommodation, the essential functions of the employment position that [he] holds or desires."[15]  *Holly v. Clairson Indus., LLC*, 492

---

[14]To the extent the City reads the allegations to suggest disability on the basis that the impairments substantially limited Joseph's ability to work, I disagree.  While the facts suggest Joseph could not perform his job as a refuse collector driver, Joseph does not allege his mental impairments substantially limited his ability to perform any and all work.  To the contrary, Joseph alleges that he could, with a reasonable accommodation, perform the other open and available positions with the City.  (Doc. 14, ¶ 14).

[15]A reasonable accommodation may include reassignment to a vacant position.  42 U.S.C. § 12111(9).  "[I]f an employer has a . . . vacant permanent position for which the disabled employee is [able to carry out the essential functions], it would be a reasonable

F.3d 1247, 1256 (11th Cir. 2007) (quoting 42 U.S.C. § 1211(8)).  The allegations here are not well set forth and the City is correct that Joseph does not expressly allege he could perform the essential functions of his position as a refuse collector driver, with or without accommodation.  Rather, Joseph alleges that, with a reasonable accommodation, he was qualified and capable of performing [the essential functions of] other open and available jobs with the City.  (Doc. 14, ¶¶ 10(D)-(G), (I), 14, 15).  In particular, Joseph alleges that he spoke to his immediate supervisor, a higher level manager, the operations manager, and the City's deputy director about obtaining such an accommodation.[16]  (Doc. 14, ¶ 10(D)-(G), (I)).  Joseph also alleges he was qualified to perform the essential functions of two other jobs with the City, namely, dump truck driver and painter, both of which were open and available positions which would accommodate his disability.[17]  *Id.* at ¶ 14, 16.  Thus, while Joseph does not allege he could perform the essential functions of his job as a refuse collector driver, he alleges that, with reasonable accommodation, he could perform the essential functions required by two other open and available jobs with the City.  Given this, the allegations in support of being a "qualified individual" are sufficient at this stage of the proceedings.  *See*

---

accommodation to reassign the employee to that position," and, thus, such reassignment would be required under the ADA.  *Howell v. Michelin Tire Corp.*, 860 F. Supp. 1488, 1492 (M.D. Ala. 1994).

[16] Joseph alleges that Delilah Libby, the operations manager, told him the City would provide a reasonable accommodation by way of finding him a light duty position, and Mark Wolfolk, the City's deputy director, told him the City would like to find him a position in the brush site, container, shop, or other similar department.  (Doc. 14, ¶ 10(G), (H)).

[17] Joseph also alleges that his attorney sent letters to the City requesting a reasonable accommodation and the City refused, stating only that Joseph may apply for a leave of absence without pay, and then it terminated his employment on November 7, 2011.  (Doc. 14, ¶¶ 10(Q)).

*Pegues v. Emerson Elec. Co.*, 913 F. Supp. 976, 980 (N.D. Miss. 1996) (stating that if an individual is unable to perform the essential functions of her job, she still may demonstrate she is a qualified individual by showing that she could perform the essential functions of some position with the same employer) (citing *Chandler v. City of Dallas*, 2 F.3d 1385, 1393-94 (5th Cir. 1993)).

Finally, with respect to the discrimination element, Joseph alleges the City discriminated against him by refusing to provide a reasonable accommodation for his mental impairment, i.e., the City refused to reassign him to an open and available position for which he was qualified and then subsequently terminated his employment. These allegations are sufficient.

### III.

For the reasons set forth above, it is **RECOMMENDED** that the **City of Tampa's Motion to Dismiss** (Doc. 35) be **DENIED**.

Respectfully submitted this
3rd day of May 2013.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its service shall bar an

15

aggrieved party from attacking the factual findings on appeal and a *de novo* determination by a district judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; M.D. Fla. R. 6.02; *see also* Fed. R. Civ. P. 6.

Copies furnished to:
The Honorable Steven D. Merryday, United States District Judge
Counsel of Record